**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL GIENKO, | ) |
|         Plaintiff, | ) |
| vs. | ) |
| | ) |
| ROSALIND FRANKLIN UNIVERSITY OF | ) |
| MEDICINE AND SCIENCE | ) |
|         Defendant. | ) |

**COMPLAINT FOR VIOLATIONS OF THE
FAIR LABOR STANDARDS ACT, 29 U.S.C. 201 *et seq.*;
THE ILLINOIS MINIMUM WAGE LAW, 820 ILCS 105/1 *et seq.*;
THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT, 820 ILCS 115/1, *et seq.*; AND
THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C §2601 *et seq.*.**

Plaintiff, Michael Gienko, by and through his attorneys Aaron B. Maduff and Walker R. Lawrence of Maduff & Maduff, LLC, for his complaint against Defendant, alleges and states as follows:

**INTRODUCTION**

1.  Plaintiff worked for Rosalind Franklin University (hereafter "Rosalind") as a non-exempt Network Administrator. At the time of his termination he was paid $36.44/hour. Though scheduled to work 37½ hours per week, Plaintiff routinely worked beyond those hours. He often came in early in the morning, stayed late, and was required to perform work at home by accessing the network remotely. Rosalind paid Mr. Gienko an overtime rate for only those hours that were pre-approved, but still expected all the work to be complete. Plaintiff estimates that he was not paid for at least 1,000 hours of work.

2.  In early December, 2012, Plaintiff had a significant noticeable limp. The Director of Human Resources Sherry Bagno asked Plaintiff about the limp and Plaintiff told Ms. Bagno that he had knee issues.

3. A few weeks later, in late December, 2012 Plaintiff's supervisor – Ian Szekeres – asked Plaintiff to pull fiber optic network cable from network closets to a centrally located location (Network Operations Center – NOC). This was a task that was not ordinarily performed by a Network Administrator.

4. As a result of the request to pull the fiber optic cable, Plaintiff scheduled a doctor's appointment to check the severity of his knee injury. Plaintiff was given a note from his doctor advising him that for at least two weeks he should not perform certain activities.

5. Plaintiff started to pull the network cable, but he began to experience significant pain in his knee and he went to the Human Resources Department and disclosed the doctor's note. The Defendant told the Plaintiff that the network installation would be completed by someone else. However, after the two weeks expired, Defendant required Plaintiff to complete the network installation.

6. After providing the doctor's note, Defendant missed work to attend to medical appointments related to this knee. Nonetheless, Defendant failed to advise the Plaintiff of his FMLA rights and instead fired him two months later.

## PARTIES

7. Plaintiff, Michael Gienko (hereinafter "Plaintiff" or "Gienko"), is a citizen of the state of Illinois, residing within the territorial jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division. At all times relevant to this Complaint, Gienko was an "employee" of Defendants within the definitions of §3(e) of the FLSA, 29 U.S.C. §203(e); §3(d) of the IMWL, 820 ILCS 105/3(d); §2 of the IWPCA, 820 ILCS 115/2; and the Family and Medical Leave Act, 29 U.S.C §2611(2).

8. Defendant, Rosalind Franklin University of Medicine and Science (hereinafter "Rosalind"), is a corporation licensed in Illinois and doing business within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. Defendant Rosalind is and was at all times relevant to this Complaint an "employer" and an "enterprise engaged in commerce or the production of goods for commerce" within the definitions of §3(d) and §3(s) of the FLSA, 29 U.S.C. §§203(d), 203(s); §3(c) of the IMWL, 820 ILCS 105/3(c); §2 of the IWPCA, 820 ILCS 115/2; and 29 U.S.C. §2611(4).

## **CONDITIONS PRECEDENT**

9. Plaintiff performed all conditions precedent to his employment with Defendants to receive the payment of his overtime wages.

10. Plaintiff's consent to be in this lawsuit, as required by §16(b) of the FLSA, 29 U.S.C. §216(b), is attached to this Complaint as Exhibit A.

## **JURISDICTION**

11. This Court has jurisdiction under §16(b) of the FLSA, 29 U.S.C. §216(b), and under §1331 of the Judicial Code, 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under §1367 of the Judicial Code, 28 U.S.C. §1367.

## **VENUE**

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as, on information and belief, Defendant resides in this District and the facts giving rise to this cause of action occurred in this District.

## **EVENTS**

12. Plaintiff was hired on or about October 1, 1999 in the Information Technology Services Department.

13. At all pertinent times, Defendant Rosalind considered Plaintiff to be a non-exempt employee entitled to receive time and one half for all hours worked in excess of 40 in a workweek.

14. As of March, 2013, Plaintiff's pay was $36.44 per hour.

15. At all relevant times, Plaintiff's work schedule was 8:30 am to 4:30 p.m., with a half-hour lunch and Plaintiff was typically paid for 37½ hours of work per week.

16. Plaintiff regularly performed work before 8:30 am, often arriving at 7:45 am, and leaving as late as 5:00 pm.

17. Additionally, Plaintiff regularly worked through lunch, but he was never paid for that time.

18. Plaintiffs job also required that he perform work at home remotely by accessing the network using a Virtual Private Network ("VPN"). He was only paid for this work if it was pre-approved.

19. In fact, Plaintiff's supervisors saw him working in the morning before 8:30 am, were aware that he performed work at home by accessing the VPN (sometimes without extra pay), and expected him to complete numerous work projects that clearly required more than 37½ hours to complete in a workweek.

20. With exceptions, Plaintiff was compensated for only 37 ½ hours per week of work.

21. Defendant told Plaintiff that he would not be paid overtime unless the overtime hours were pre-approved, but Defendant expected all of the work to be completed.

22. In fact, Plaintiff was prohibited from recording hours beyond his work schedule without pre-approval.

**FMLA – Failure to Provide Notice**

23. In early December, 2012, Plaintiff had a significant noticeable limp. The Director of Human Resources Sherry Bagno asked Plaintiff about the limp and Plaintiff told Ms. Bagno that he had knee issues.

24. Thereafter, in late December, 2012, Plaintiff's supervisor — Ian Szekeres — asked Plaintiff to pull network cable to a network closet.

25. This job was ordinarily performed by members of the Facilities Department and not a Network Administrator like Plaintiff.

26. Before beginning the project, Plaintiff was concerned about his knee and went to meet with a physician.

27. Plaintiff took one day off from work on January 3, 2013 to see his doctor.

28. At that doctor's appointment, Plaintiff received a notice advising him not to perform certain activities and limit other activities for at least two weeks.

29. Thereafter, Plaintiff worked with a Facilities Department employee to pull some of the network cable, and experienced significant pain in his knee.

30. On January 9, 2013 Plaintiff took another day off and provided a note to Ms. Jennifer Smith (Assistant Director of Human Resources). The doctor's note advised the

Defendant that Plaintiff was suffering from medical issues involving his knee and was prohibited from doing certain activities for at least two weeks.

31. Because Ms. Smith was set to leave Defendant's employ within the next few weeks, she directed these issues to Ms. Sherry Bagno, Defendant's Director of Human Resources.

32. That same day, Plaintiff met with Ms. Bagno, at which time he expressed concerns about his medical issues as well as potential issues of harassment by Mr. Szekeres and Amanda Hodgson.

33. Plaintiff also advised Ms. Bagno that he would need to schedule an MRI and take time off from work.

34. The following day, on January 10, 2013 Plaintiff again met with Ms. Bagno to discuss issues he was having with Mr. Szekeras and Ms. Amanda Hodgson (Director of Information Technology Operations).

35. Plaintiff went home directly after that meeting, but continued working remotely.

36. From home, Plaintiff sent an email to Ms. Amanda Hodgson (Director of Information Technology Operations) with a copy to Ms. Bagno, advising Ms. Hodgson about his knee injury.

37. Thereafter, Ms. Hodgson advised Plaintiff that the network installation would be completed by someone else.

38. At that point Plaintiff believed that his medical restrictions were being observed by his employer.

39. Two weeks after providing the note to Defendant, in spite of his medical restrictions, Plaintiff was told to finish the network cable installation with the assistance of David Hammergren (Telecommunications Administrator).

40. Plaintiff complied with request because of fear that he would be retaliated against if he did not comply.

41. On January 25, 2013, Plaintiff had to leave work early to get an MRI on his knee.

42. On March 25, 2013, Plaintiff again took a sick day to see the orthopedic specialist to discuss the MRI results.

43. At that appointment, the doctor advised Plaintiff he should take the remainder of March 25, 2013 and March 26, 2013 off due to his knee. (Plaintiff had already scheduled to be off on March 26, 2013 because it was his birthday).

44. On March 27, 2013, Plaintiff was told to meet with Richard Loesch in his office at 3:00 PM. When Plaintiff arrived, both Mr. Loesch and Sherry Bagno were present. Ms. Bagno terminated Plaintiff.

45. When he was fired, Plaintiff was simply told that things were not working out, and Defendant provided no other details.

46. Defendant never provided notice to Plaintiff regarding his rights under the FMLA.

## COUNT I
## DEMAND FOR RELIEF FOR FAILURE TO PAY OVERTIME FOR ALL OVERTIME HOURS WORKED IN VIOLATION OF THE FLSA, 29 U.S.C. § 201 ET SEQ.,

47. Plaintiff restates and realleges paragraphs 1 through 40 of this Complaint as paragraph 41 of this Count I.

48. By virtue of the foregoing, Defendants violated the Fair Labor Standards Act, 29 U.S.C. §201, et seq.,

49. As a result of these violations, Plaintiff suffered pecuniary losses.

50. Defendants were aware that the FLSA applied to them or showed reckless disregard as to whether or not FLSA applied to them, and their violations were willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Order Defendants to produce all records of all hours worked by Plaintiff and of all compensation received by him for the period commencing 3 years prior to March 27, 2013 (i.e. from March 27, 2010 to the present);

(2) Enter judgment in favor of Plaintiff in the amount shown to be due for the Defendants' failure to pay overtime, plus liquidated damages in an equal amount;

(3) Enter judgment against Defendant for Plaintiff's reasonable attorney's fees, expenses, and the costs of this action; and

(4) Award Plaintiff such other and further relief as this Court deems just and equitable.

## COUNT II

### DEMAND FOR RELIEF FOR FAILURE TO PAY OVERTIME FOR ALL OVERTIME HOURS WORKED IN VIOLATION OF THE IMWL, 820 ILCS 105/1 ET SEQ.,

51. Plaintiff restates and realleges paragraphs 1 through 44 of this Complaint as paragraph 45 of this Count II.

52. By virtue of the foregoing, Defendants violated the IMWL.

53. Defendants' willful and wanton conduct in refusing to pay Plaintiff overtime wages warrants punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(1) Order the Defendants to produce all records of all hours worked by Plaintiff and of all compensation received by him for the period commencing 3 years prior to March 27, 2013 (i.e. from March 27, 2010 to the present);

(2) Enter judgment in favor of Plaintiff and against Defendants in the amount shown to be due for the Defendants' failure to pay overtime;

(3) Enter judgment in favor of Plaintiff and against Defendants for punitive damages in the amount provided for by §12(a) of the Illinois Minimum Wage Law, 820 ILCS ¶105/12(a).

(4) Enter judgment against Defendants for Plaintiff's reasonable attorneys' fees, expenses, and costs of this action; and

(5) Award Plaintiff such other relief as this Court deems just and appropriate.

## COUNT III

### DEMAND FOR RELIEF FOR VIOLATION OF 820 ILCS 115/1, ET SEQ. ILLINOIS WAGE PAYMENT AND COLLECTION ACT FOR FAILING TO PAY FOR ALL HOURS WORKED

54. Plaintiff restates and realleges paragraphs 1 through 47 of this Complaint as paragraph 48 of this Count III.

55. Defendant has contracted with the Plaintiff to compensate him for all hours worked, however, by virtue of the foregoing Defendant failed to pay him for all hours worked.

56. As a result of this violation, Defendant has violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq*. because it has not paid Plaintiff for all hours worked, including overtime hours worked.

57. Defendant has made it difficult to account with precision for the unpaid overtime worked by Plaintiff during the liability period because it did not make, keep, and preserve records of all the hours worked by such employees.

58. Defendants' willful and wanton conduct in refusing to pay Plaintiff for all hours worked warrants punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(1) Order the Defendants to produce all records of all hours worked by Plaintiff and of all compensation received by him for the period commencing 5 years prior to March 27, 2013 (i.e. from March 27, 2008 to the present);

(2) Enter judgment in favor of Plaintiff and against Defendants in the amount shown to be due for the Defendants' failure to pay for all hours worked;

(3) Enter judgment in favor of Plaintiff and against Defendants for punitive damages in the amount provided for by §14(a) of the Illinois Wage Payment and Collection Act, 820 ILCS 115/14(a);

(4) Enter judgment against Defendants for Plaintiff's reasonable attorney's fees, expenses, and costs of this action; and

(5) Award Plaintiff such other relief as this Court deems just and appropriate.

## COUNT IV

### DEMAND FOR RELIEF FOR VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT 29 U.S.C. § 2601 *et seq.*,

59. Plaintiff restates and realleges paragraphs 1 through 52 of this Complaint as paragraph 59 of this Count IV.

60. By virtue of the foregoing, Defendants violated the FMLA by failing to advise the Plaintiff of his rights under the FMLA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(1) Order the Defendants to produce all records of all wages earned by Plaintiff and of all wages received by him during the term of his employment;

(2) Enter judgment in favor of Plaintiff and against Defendants for the amount shown to be due Plaintiff for the Defendants' failure to pay for all hours worked;

(3) Enter judgment against Defendants for Plaintiff's reasonable attorney's fees, expenses, and costs of this action; and

(4) Award Plaintiff such other relief as this Court deems just and equitable.

Respectfully Submitted,

By:/s/ Walker R. Lawrence

Aaron B. Maduff
Attorney No. 6226932
Walker R. Lawrence
Attorney No. 6296405
Maduff & Maduff, LLC
Michigan Plaza At Illinois Center
205 N. Michigan Ave
Suite 2050
Phone: 312-276-9000